# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAWN HOWARD,<br>individually and on behalf of all<br>others similarly situated, | ) ) ) | Case No.  09-cv-6513-MAT |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE CANANDAIGUA NATIONAL BANK<br>AND TRUST COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY STIPULATED AND AGREED by and between Shawn Howard (the "Class Representative" or "Plaintiff"), on behalf of himself and all others similarly situated, on the one hand, and The Canandaigua National Bank and Trust Company (the "Bank" or "Defendant"), on the other hand, as set forth below:

1.     **Conditional Nature of Settlement Agreement.**  This Class Action Settlement Agreement and Release, including all associated exhibits and attachments, is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis.  The Settlement Agreement is made in compromise of disputed claims.  The Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions set forth in this Agreement. Because this action was pled as a class action, this settlement must receive preliminary and final approval by the Court.  Accordingly, the Settling Parties enter into this Settlement Agreement and associated settlement (the "Settlement") on a conditional basis that is subject to the final approval of the Court.

2.    **Effect of Disapproval**.  In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, except as noted below, this Settlement Agreement shall be deemed null and void *ab initio,* it shall be of no force or effect whatsoever (except regarding the return of funds as indicated in this Agreement), it shall not be referred to or utilized for any purpose whatsoever, and any negotiations, terms and entry of the Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any similar state law.   The approval of the payment of attorneys' fees and expenses is not a condition of the Settlement, and any failure by the Court, or any subsequent Court on appeal, to approve the payment of attorneys' fees and expenses in whole or in part shall have no effect on the other terms of this Settlement.

3.    Subject to order of the Court, pending Final Court Approval of the Settlement, Plaintiff and Members of the Class are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against the Bank or Bank Releases, except for members of the Class who have submitted valid and timely requests for exclusion from the Settlement.

4.    The Settling Parties agree that, except as expressly provided herein, the Litigation shall be stayed, including the pending motion to dismiss, through any hearing seeking Final Court Approval.  Plaintiffs' Counsel agree that Defendant's time to answer or otherwise further respond to the complaint or discovery requests that have been or are contemplated to be filed in the Litigation is extended without date.

5.    **Denial of Liability; No Admissions**.  The Bank denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation.  Neither this Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by the Bank of any legal violations, any legal requirement or any failure to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of

this Settlement Agreement, this Settlement Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of the Bank or any Bank Releasees or to establish any condition constituting a violation of or non-compliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action. The Settling Parties expressly agree and represent that, in the event that the Court does not approve the Settlement Agreement, or any appellate court disapproves of the Settlement Agreement in any way that prevents the Settlement from becoming final and effective, no Party will use or attempt to use any conduct or statement of any other Party in connection with this Agreement or any effort to seek approval of the Settlement to affect or prejudice any other Party's rights in any ensuing litigation. The Bank has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the Bank does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Bank expressly reserves all rights and defenses as to any claims and does not waive any such rights or defenses in the event that the Settlement Agreement is not approved for any reason. The Class Representative and Class Counsel agree that the Bank and the Bank Releasees retain and reserve these rights and agree not to take a position to the contrary; specifically the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the Bank could not contest class certification on any grounds if this Litigation were to proceed.

6.    **Definitions.**

        As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

        6.1    "<u>ATMs at Issue</u>" means all automated teller machines operated by The Canandaigua National Bank and Trust Company.

4.2     "Bank" means The Canandaigua National Bank and Trust Company.

4.3     "Bank Releasees" means the Bank, each of its current and former affiliates (including, but not limited to, any parents and subsidiaries), each of the foregoing's predecessors, successors, divisions, joint ventures and assigns, and each of any of the foregoing's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives.

4.4     "Class" means the collective group of those persons who were not banking customers of The Canandaigua National Bank and Trust Company and who were charged or assessed any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue from October 9, 2008 through the date of Preliminary Approval.

4.5     "Class Counsel" means the law firms of Carlson Lynch Ltd. and Marcus & Cinelli, LLP and any of their lawyers.

6.6     "Class Member" or "Member of the Class" means a person who is a member of the settlement Class under Federal Rule of Civil Procedure 23 Class who does not submit a valid and timely request for exclusion or "opt-out" from the Class in accordance with the terms of this Agreement.

6.7     "Class Notice" means the Summary Notice, Internet Notice to be approved by the Court substantially in the form attached hereto as Exhibits B1 and B2 .

6.8     "Class Period" means October 9, 2008 through the date of Preliminary Approval, inclusive.

6.9     "Court" means the United States District Court for the Western District of New York.

6.10    "Effective Date" means the date on which the Judgment becomes Final.

6.11    "Final" means final certification by the Court, for settlement purposes only, of the Class, and entry of the Judgment and Order Granting Final Approval of Settlement.

6.12    "Judgment" means the judgment to be rendered by the Court pursuant to this Settlement Agreement substantially in the form attached hereto as Exhibit D.

6.13    "Litigation" or the "Lawsuit" means the lawsuit captioned *Shawn Howard, individually and on behalf of all others similarly situated, v. The Canandaigua National Bank and Trust Company, Defendant*, United States District Court for the Western District of New York, Civil Action No. 09-cv-6513.

6.14    "Notice Publication Deadline" means the deadline for publication of the Summary Notice (15) days after the Preliminary Approval Date.  This same deadline shall apply for the posting of internet notice.

6.15    "Notice Response Deadline" means the date forty-five (45) days after the Class Notice is published to the Class Members.

6.16    "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit C.

6.17    "Participating Claimant" or "Participating Claimants" means each Member of the Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice.

6.18    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

6.19    "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval" substantially in the form attached hereto as Exhibit A.

6.20    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to Class

Counsel, postmarked within one-hundred and twenty (120) days from the date of publication of Class Notice. The Bank shall have the right to verify that each claim submitted is valid in that it reflects a use of one of the ATMs at Issue during the Class Period and for which usage the Class Member was charged a transaction fee by the Bank. Class Counsel shall be apprised of any claim being challenged by the Bank and the parties, through their counsel, shall meet and confer in an attempt to resolve any challenged claim.

6.21 "Released Claims" means, individually and collectively, any and all claims (including without limitation Unknown Claims as defined herein), demands, rights, liabilities and causes of action of every nature and description whatsoever, whether legal or equitable, including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, suspected or unsuspected, disclosed or undisclosed, whether or not concealed or hidden, contingent or vested, against the Bank Releasees, or any of them, that accrued, had accrued, or could have accrued at any time on or prior to the Preliminary Approval Date for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis or which arise out of or are in any way related to: (i) the Bank's alleged failure to provide adequate notice or disclosure as may be required by applicable law at any of the ATMs at Issue; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue between October 9, 2008, through the date of Preliminary Approval, inclusive; and (iii) any purported violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, or any consumer protection statute, or omission, incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the

charging, collection or assessment of any transaction fee at any of the ATMs at Issue between October 9, 2008 through the date of Preliminary Approval.

6.22    "Settlement Claim Certification Form" means the form attached as Exhibit B3.

6.23    "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place no earlier than ninety (90) days after entry of the Preliminary Approval Order for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.  Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d), an order giving final approval of a proposed settlement may not be issued earlier than 90 days after the of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under 28 U.S.C. § 1715(b).

6.24    "Settlement Agreement" means this Agreement and Release, and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval.  It is understood and agreed that the Bank's obligations for payment under this Settlement Agreement are conditioned on the Preliminary Approval of the Settlement and the distribution of any funds to any Class Member or Class Counsel is conditioned upon the occurrence of the Effective Date.

6.25    "Settling Parties" or "Parties" means the Bank and the Class Representative on behalf of himself and any and all Class Members.

6.26    "Unknown Claims" means any Released Claim that the Class Representative, for himself and on behalf of the Class Members, the Bank or Bank Releasees do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to the Settlement Agreement.  The Class Representative, for himself and on behalf of the Class, the Bank and Bank Releasees shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any

and all provisions, rights and benefits conferred by any law of the United States or any territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims; further, (i) the Class Representative, for himself and on behalf of the Class, the Bank and Bank Releasees shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows;

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MIST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR

(ii) the Class Representative, for himself and on behalf of the Class, the Bank and Bank Releasees also shall be deemed to waive any and all provision, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542; and (iii) the Class Representative, for himself and on behalf of the Class, the Bank and Bank Releasees, acknowledge that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as the Class Representative, for himself and on behalf of the Class, the Bank and Bank Releasees, to fully, finally, and forever settle and release any and all claims released hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The Parties acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which the release is a part.

7.     **The Settlement.**

7.1    *Consideration to Settlement Class Members.*

Within (15) fifteen days of the date on which a Preliminary Approval Order is entered, the Bank shall pay one hundred fifty thousand dollars ($150,000.000) to establish a "Settlement Fund" for the benefit of Class Members.  This amount shall be paid into an interest bearing escrow account at Lyons National Bank, Lyons, New York, consistent with instructions to be provided by Class Counsel and agreed to by the Bank.  Interest on the account shall accrue for and on behalf of the Class.  If the Effective Date does not occur, all principal and interest shall be returned to the Bank, consistent with instructions to be provided by counsel for the Bank.

7.1.1     Within  (45) forty-five days of the Effective Date, the above amount shall be disseminated by Class Counsel (subject to approval of the Bank) to Participating Claimants on a *pro rata* basis; provided, however, that no Class Member shall receive a settlement payment in excess of ONE-HUNDRED DOLLARS ($100.00) ("Settlement Payment").  Class Members shall only be entitled to one Settlement Payment, irrespective of the number of transactions that a given Class Member negotiated at one or more of the ATMs at Issue during the Class Period.  The only Class Members entitled to any payment under this Settlement Agreement and the associated Judgment are Participating Claimants.

7.1.2     *Cy Pres.*  Any money remaining in the Settlement Fund, if any, after payments are made pursuant to Paragraph 5.1.1 shall be distributed by Class Counsel as a *cy pres* contribution in equal amounts to 15 charities selected by the Bank and subject to the approval of Class Counsel, which shall not be unreasonably withheld.  Notification of the contributions shall be provided by Class Counsel to the Bank.

7.2     *Court Approval of Notice to the Class; Settlement Hearing.*

7.2.1     The Class Representative and the Bank, through their counsel of record in the Litigation, shall file this Settlement Agreement with the Court, and Class Representative shall move for (and the Bank shall not oppose) preliminary approval of this Settlement Agreement, conditional certification of the Class, and the form and manner of Class

Notice. Through this submission and a supporting motion, the Class Representative, through his counsel of record, will request (and the Bank shall not oppose) that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the fairness adequacy and reasonableness of the settlement, granting final approval of the settlement, granting final approval of this Settlement Agreement and entering Judgment.

       7.2.2      If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representative and the Bank, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and Class Representative shall and hereby does, unless provided otherwise in this Settlement Agreement, stipulate to (and the Bank shall and does not oppose) final approval of this Settlement Agreement and entry of the Judgment by the Court.

       7.3      *Notice to Class Members.*

       7.3.1      If, by entering the Preliminary Approval Order, the Court provides authorization to publish the Class Notice to Class Members, Class Counsel shall cause the publication of Summary Notice and Internet Notice. A copy of the proposed Class Notice is appended to this Agreement as <u>Exhibits B1</u> and <u>B2</u>

       7.3.2      Summary Notice shall be published one time in the newspaper of largest circulation in the relevant geographic area. Summary Notice shall occupy at least 1/8 of a full page. Internet Notice shall be displayed on a website hosted by Class Counsel for a period of (45) forty-five days, commencing on the Notice Publication Deadline.

       7.3.3      *CAFA Notice.* The Bank, through its counsel, shall send notice of the proposed class action settlement on the appropriate Federal official and the appropriate State official, if any, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than 10 days after the proposed settlement is filed with the Court.

       7.3.4      The Bank shall be responsible for paying all costs of summary notice. Class Counsel shall be responsible for paying all costs of publishing Internet Notice.

7.4    *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.*

7.4.1    Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s).  Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election.  The Class Notice will advise Class Members of this option.

7.4.2    Class Members (other than Class Representative) may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class.  Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline.  Each writing must be personally signed by a single Class Member, no opt-out request may be made by a group of class members, and no opt-out request may be made or signed by an actual or purported agent or attorney acting or purporting to act on behalf of a Class Member.  Any opt-out request must be mailed to Class Counsel, must be signed by the Class Member opting-out and must include the following information:  (1) the name of the Class Member, (2) the current address of the Class Member, and, (3) the date signed.  Any opt-out must be mailed to Class Counsel and postmarked no later than the Notice Response Deadline.  Those Class Members who do not opt out of the Settlement in a manner consistent with the conditions just described will be deemed to have forever waived their right to opt out of the Class and this Settlement. Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations.  If more than 2.5% of eligible Class Members opt-out of the Settlement, the Bank shall have the option of terminating the Settlement Agreement at its sole discretion and if the Bank exercises this option the Settlement Agreement shall be deemed null and void *ab initio.*

7.4.3     Class Members who wish to object to this Settlement Agreement must file a written objection, together with any supporting papers (hereinafter collectively referred to as the "Notice of Objection") with the United States District Court for the Western District of New York no later than the Notice Response Deadline. Class Counsel must also be served with copies of the objections, postmarked no later than the Notice Response Deadline. The Class Notice shall advise Class Members of this option. Class Counsel shall immediately provide any such objections to the Bank and subsequently the Court in the final approval process. Any Class Member who does not object to the Settlement in the manner just described shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement or any provision of this Settlement Agreement.

7.4.4     Prior to the Settlement Hearing and consistent with the rules established by the Court, the Class Representative shall move (and the Bank shall not oppose) the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Also prior to the Settlement Hearing, Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement.   The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in this Settlement Agreement. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the Settlement, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Settlement Agreement shall be void *ab initio*, and Class Counsel shall cause all moneys held in escrow to be returned to the Bank.

7.5     *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

7.5.1     Within thirty (30) days of and only after the Effective Date, Class Counsel shall provide to each Participating Claimant his or her Settlement Payment.

7.5.2    Following the dissemination of Settlement Payments to Participating Claimants, Class Counsel shall provide the Bank with a written confirmation of this fact.

7.6    *Release.*

Upon the Effective Date, the Class Representative and each of the Class Members (for themselves and their respective heirs, executors, administrators, affiliates, successors and assigns) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims and shall forever be enjoined and barred from suing any of the Bank Releasees for any Released Claims, and covenant not to sue any of the Bank Releasees for any Released Claims.

7.6.1    Also, upon the Effective Date, the Class Representative and each of the Class Members (for themselves and their respective heirs, executors, administrators, affiliates, successors and assigns) shall release the Bank and Bank Releasees from all claims arising out of the commencement, prosecution, settlement or resolutions of the Litigation; provided, however, that the Bank shall retain the right to enforce the terms of the Settlement Agreement.

7.6.2    The releases contemplated by the Settlement Agreement extends to Unknown Claims. The Class Representative and each of the Class Members (for themselves and their respective heirs, executors, administrators, affiliates, successors and assigns) shall be deemed by operation of the entry of the Judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement Agreement.

7.7    *Payment of Costs, Attorney Fees and to the Class Representative.*

7.7.1    Subject to Court approval, Class Counsel shall receive 33.3% of the Settlement Fund or fifty thousand dollars ($50,000.00) for all attorney fees and allowable

Litigation costs and expenses. This amount shall be payable after the Effective Date, to the extent the Court approves the attorney fees and allowable litigation costs and expenses. Payments made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory. The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit the necessary materials to justify this payment along with the motion for final approval of the Settlement Agreement. The Bank agrees not to oppose Class Counsels' submission regarding, or request for approval of, this payment of fees or costs provided it is consistent with this Settlement Agreement. Class Counsel shall provide counsel for the Bank with the pertinent taxpayer identification number and a Form W-9 for reporting purposes. Other than any reporting of this fee payment as required by this Settlement Agreement or law, which the Bank shall make, Class Counsel and the Class Representative shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph.

       7.7.2      On behalf of Plaintiff Shawn Howard, in his personal capacity only, Class Counsel shall request an incentive payment in the gross amount of $1,500.00 for Mr. Howard from the Settlement Fund. This amount shall be payable after the Effective Date. This payment shall be compensation and consideration for Plaintiff Howard's efforts as the Class Representative in the Litigation. The Bank agrees to not to object to Class Counsels' submission regarding said fee application

       7.8    *Claims Administration.*

       This Settlement shall be administered by Class Counsel. The Bank or any Bank Releasees shall have no responsibility or liability for any amounts, costs or fees, including attorneys' fees, related to or arising out of the administration of the Settlement.

       7.9    *Termination of Settlement.*

In the event that the Settlement Agreement, excepting the attorney fee provision, is not substantially approved by the Court or the settlement set forth in the Settlement Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Settlement Agreement is otherwise provided, no payments shall be made or distributed to anyone in accordance with the terms of this Settlement Agreement, the funds with all accrued interest shall be returned to the Bank within five (5) days, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void with no effect on the Litigation whatsoever. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

7.10    *Miscellaneous Provisions.*

7.10.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

7.10.2    The Settlement Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

7.10.3    Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Bank Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Bank Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

7.10.4    All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

7.10.5    Except as otherwise provided in this Agreement, each party shall bear its own attorneys' fees and costs. All Class Members will be responsible for paying any and all income taxes that may be due as a result of their participation in the settlement described in this Agreement.

7.10.6    The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement supersedes any and all prior oral or written understandings, agreements, and arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims. Except those set forth expressly in this Agreement, there are no other agreements, covenants, promises, representations, or arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims. This Agreement may be altered, amended, modified, or waived, in whole or in part, only by a writing signed by all Parties to this Agreement, and may not be altered, amended, modified, or waived, in whole or in part, orally or by an unsigned writing of any kind.

7.10.7    Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the

Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate. Each Party to this Settlement Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and/or upon the advice of his, her, or its own counsel, and is not acting in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in writing in this Agreement.

7.10.8    Each counsel or other Person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

7.10.9    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

7.10.10    This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, administrators, executors, successors and assigns of the Parties hereto; but otherwise this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

7.10.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

7.10.12    The Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of New York, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

7.10.13    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

7.10.14    The Class Representative and Class Counsel shall not directly or indirectly cause any aspect of this Lawsuit or the terms of this Settlement Agreement to be reported to the media or news reporting services.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]**

08/03/2010  06:37   7163947420          CLEARLY AQUATICS INC            PAGE  01

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties

hereto have caused the Settlement Agreement to be executed.

DATED: _9/3_____, 2010          By: _____
                                    SHAWN HOWARD

                                Plaintiff and Class Representative


DATED: _____, 2010      By: _____

                                THE CANANDAIGUA NATIONAL BANK
                                AND TRUST COMPANY

DATED: _9/3_____, 2010      By: _____
                                    BRUCE CARLSON

                                Carlson Lynch Ltd. - Attorneys for Plaintiff


DATED: _____, 2010      By: _____
                                    TIMOTHY BROSHEARS

                                Nixon Peabody LLP- Attorneys for Defendant

- 19 -

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _____, 2010

By: _____
SHAWN HOWARD

Plaintiff and Class Representative

DATED: _September 7_, 2010

By: _____, EVP

THE CANANDAIGUA NATIONAL BANK AND TRUST COMPANY

DATED: _____, 2010

By: _____
BRUCE CARLSON

Carlson Lynch Ltd. - Attorneys for Plaintiff

DATED: _September 7_, 2010

By: _____
TIMOTHY BROSHEARS

Nixon Peabody LLP- Attorneys for Defendant

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAWN HOWARD, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No.  09-cv-6513-MAT |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE CANANDAIGUA NATIONAL BANK AND TRUST COMPANY, | ) ) ) | Filed Electronically |
| Defendant. | ) ) | |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING

The Court has considered the Class Action Settlement Agreement and its exhibits, the Parties' motion for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2. The Class Representative and the Bank Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3. The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact

common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Shawn Howard are typical of the claims of the members of the proposed Class; (d) Class Representative Shawn Howard will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and, (g) common issues will likely predominate over individual issues;

4.     The moving parties also have presented to the Court for review a Class Action Settlement Agreement.  The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5.     The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant.  The notice will be published consistent with the Settlement Agreement.  The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2.     Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be given by issuance of publication notice consistent with the terms of the Settlement Agreement by **[INSERT DATE THAT IS  15 DAYS AFTER DATE OF PRELIMINARY APPROVAL ORDER]**.

3.      A hearing shall be held before this Court on **[INSERT DATE AND TIME AT LEAST 90 DAYS FROM DATE OF PRELIMINARY APPROVAL ORDER]** to consider whether the settlement should be given final approval by the Court:

(a)      Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

(b)      At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

(c)      Class Counsel and counsel for the Bank should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and,

4.      In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims.  In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: _____ _____      _____
                                   The Honorable Michael A. Telesca

# **<u>Exhibit B</u>**

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NEW YORK

### HOWARD V. THE CANANDAIGUA NATIONAL BANK AND TRUST COMPANY
### CASE NO.: 09-CV-6513

### NOTICE OF CLASS ACTION SETTLEMENT

- All Non-Bank customers who were charged a transaction fee at the ATM operated by The Canandaigua National Bank and Trust Company between October 9, 2008 and the date of Preliminary Approval of this Settlement, may be eligible to receive a Settlement Check of up to $100.00.

- The settlement resolves a lawsuit alleging that the Canandaigua National Bank and Trust Company (the "Bank") violated certain requirements imposed by the Electronic Funds Transfer Act ("EFTA"). It avoids costs and risks to you from continuing the lawsuit; entitles certain persons to Settlement Checks; and releases the Bank from any liability.

- Your legal rights are affected whether you act, or do not act. Please read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a Settlement Check. |
| **EXCLUDE YOURSELF** | Get no Settlement Check. This is the only option that allows you to ever be part of any other lawsuit against the Bank about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

1.    **What is this lawsuit about?**

Shawn Howard ("Plaintiff"), on behalf of all members of the class, has asserted that The Canandaigua National Bank and Trust Company (the "Bank") violated certain requirements imposed by the Electronic Funds Transfer Act ("EFTA"). Specifically, plaintiff claims that certain ATMs operated by the Bank did not meet the EFTA's ATM fee surcharge disclosure rules by failing to post certain external signage disclosing the fee, and that the Bank therefore was not permitted to charge ATM transaction fees to non-customers at ATMs during the Class Period, as specifically set forth in the Complaint on file and available at the Court at 100 State Street, Rochester, NY 14614. The Bank disclosed the fee on the computer screen, but Plaintiff claims that the Bank was required to post external notices on the ATMs. The Bank denies any liability or wrongdoing.

## 2.    Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Shawn Howard), sue on behalf of people who are similarly situated and have similar claims. All these people are Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 3.    Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant. The Plaintiff thinks he could have prevailed at a trial. The Defendant thinks the Plaintiff would not have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

## 4.    How do I know if I am part of the settlement?

The Court decided that everyone who fits this description is a Class Member:

> All persons who were not banking customers of the Canandaigua National Bank and Trust Company and who were charged or assessed any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue between October 9, 2008 and the date of Preliminary Approval.

## 5.    I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-467-5241 or you can fill out and return the claim form to see if you qualify.

## 6.    What does the settlement provide?

Class members who send in a valid claim form and one or more receipts issued between DATE and DATE demonstrating that they were charged an ATM transaction fee by the Bank, or the relevant portion of a bank statement illustrating that they were charged an ATM transaction fee by the Bank will be entitled to receive a *pro rata* share of the settlement fund, with a maximum payment of $100.00 per Participating Class Member.

The Settlement also imposes certain other requirements, which are set forth in detail in the Settlement Agreement.

The Settlement Agreement also provides that any unclaimed funds will be donated, on a *cy pres* basis, to [CHARITIES SELECTED BY THE BANK, WITH APPROVAL OF CLASS COUNSEL], with one fifteenth (1/15) of any remainder going to each organization.

**7.     How can I get a Settlement Check?**

If you believe you are a member of the class and desire to participate in this settlement, you should completely fill out the "Proof of Claim" form that accompanies this Notice and return it to the following address:  Carlson Lynch, Ltd, 231 Melville Lane, P.O. Box 367, Sewickley, PA 15143.  The "Proof of Claim" must be postmarked by **[PUBLICATION date + 120 days]**.

If you have one or more receipts that show that you were charged an ATM transaction fee by the Bank, or the relevant party of a bank statement that shows that you were charged an ATM transaction fee by the Bank, be sure to include them with the claim form.

If you don't have a receipt of a bank statement, you can still receive a settlement payment if you check the box on the claim form attesting, under penalty of perjury, to the fact that you were charged at ATM transaction fee during the Class Period and providing the last four digits of the credit or debit card that was used in connection with the transaction in connection with which you were charged a fee.  If you choose this option, the information that you provide will be used to verify your claim.

Failure to fully follow the procedures will result in a class member receiving no relief under the settlement, but nonetheless being bound by any judgments, orders and releases in this case.

**8.     When would I get my Settlement Check?**

The Court will hold a hearing on **[INSERT DATE – NO EARLIER THAN 90 DAYS AFTER PRELIMINARY APPROVAL]**, to decide whether to approve the settlement.  If Judge Telesca approves the settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

**9.     What am I giving up to get a Settlement check or stay in the Class?**

Unless you exclude yourself, you are staying in the class, and that means that you can't sue,

continue to sue, or be part of any other lawsuit against the Bank or the other entities released in the settlement agreement about the legal issues in *this case*. It also means that all of the Court's orders will apply to you and legally bind you.

**10.   Can I exclude myself from the Class?**

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded. Your election to opt-out must contain the following information and must be signed by the class member opting-out: (1) the name of class member, (2) the current address of class member, and (3) the date signed. You must mail your exclusion request postmarked no later than **[publication date +  45]** to:

Canandaigua Bank EFTA Exclusions
c/o Carlson Lynch Ltd.
P.O. Box 367
Sewickley, PA  15143

If you ask to be excluded, you will not get a Settlement Check, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue the Bank or the other entities released in the settlement agreement in the future regarding the legal issues in this case.

**11.   If I don't exclude myself, can I sue the Bank for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Bank and the other entities released in the settlement agreement for the claims that this settlement resolves. If you have a pending lawsuit, involving the same claims that this settlement resolves, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. If you have a pending lawsuit on matters not addressed in this settlement, you may continue that lawsuit against the Bank.

**12.   If I exclude myself, can I get a Settlement Check from this Settlement?**

No. If you exclude yourself, do not send in a claim form to ask for a Settlement Check.

**13.   Do I have a lawyer in this case?**

The law firm of Carlson Lynch Ltd. represents you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.   How will these lawyers be paid?**

Class counsel will ask the Court to approve payment of attorneys' fees and expenses of $50,000. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. In addition, class counsel will ask for payment of $1,500.00 to Shawn Howard

for his service as a Class Representative. The Bank has agreed not to oppose the request for these fees and expenses.

### 15.    How can I object to the Settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter that you object to the class settlement in *Howard v. The Canandaigua National Bank and Trust Company*, No. 09-cv-6513. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. You must file the objection with the Clerk of the Court and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses postmarked no later than **[publication date + 45]**:

R. Bruce Carlson, Esq.
CARLSON LYNCH LTD
231 Melville Lane
P.O. Box 367
Sewickley, PA 15143

Timothy Broshears, Esq.
NIXON PEABODY LLP
Clinton Square
PO Box 31051
Rochester, NY 14603

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

### 16.    What's the difference between objecting and excluding?

Objecting is telling the Court that you do not agree with the settlement, in whole or in part. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 17.    When and where will the Court decide whether to approve the Settlement?

The District Court will hold a hearing to decide whether to approve the settlement. The Fairness Hearing will be held on **[INSERT DATE – NO EARLIER THAN 90 DAYS AFTER PRELIMINARY APPROVAL]** at the Court, 100 State Street, Rochester, NY 14614. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to plaintiffs' class counsel.

### 18.    Do I have to come to the Hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 19.    May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in *Howard v. The Canandaigua National Bank and Trust Company*, No. 09-cv-6513. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[publication date + 45]**, and be sent to the Clerk of the Court and Class Counsel at the addresses in question 15. You cannot speak at the hearing if you excluded yourself.

### 20.    What happens if I do nothing at all?

If you do nothing, you will not get a Settlement Check from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Bank about the legal issues in this case, ever again.

### 21.    How do I get more information?

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court, 100 State Street, Rochester, NY 14614. If you wish to communicate with class counsel identified above, you may do so by writing to R. Bruce Carlson, Carlson Lynch Ltd., 231 Melville Lane, P.O. Box 367, Sewickley, PA, 15143. Alternatively, you may call the offices of the firm at its toll free number [1-800-467-5241].

# [PUBLISHED NOTICE OF CLASS ACTION SETTLEMENT]
This notice may affect your rights. Please read carefully.

## IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NEW YORK

IN RE: HOWARD v. THE CANANDAIGUA
NATIONAL BANK AND TRUST COMPANY,
CASE NO.: 09-CV-6513

## SUMMARY NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

A settlement has been proposed in a class action lawsuit filed by Shawn Howard ("Plaintiff"), on behalf of all members of the class against The Canandaigua National Bank and Trust Company (the "Bank") asserting that the Bank violated certain requirements of the Electronic Funds Transfer Act ("EFTA").

### WHO IS INCLUDED?
All non-Bank customers who were charged a transaction fee at any ATM operated by The Canandaigua National Bank and Trust Company between October 9, 2008, and date of Preliminary Approval, **MAY BE ELIGIBLE TO RECEIVE A SETTLEMENT CHECK OF UP TO $100.00**, as set forth below.

If you qualify, you may send in a claim form to get benefits, or you can exclude yourself from the settlement, or object to it.

If you believe you are a member of the class, you may view the Full Notice and print a claim form online at www.carlsonlynch.com, or you can request a copy of the Full Notice and Claim Form by calling Class Counsel at 1-800-467-5241, or e-mailing Class Counsel at: bcarlson@carlsonlynch.com.

### WHAT DOES THE SETTLEMENT PROVIDE?
Under the terms of the settlement, the Bank has created a settlement fund in the amount of $150,000.00. Eligible class members who submit a timely and valid claim are eligible to receive up to a maximum amount of $100.00 from the settlement fund. A Full Notice describing the Settlement in more detail is available at the website above.

### WHAT ARE YOUR OTHER OPTIONS?
If you do not want to be legally bound by the settlement, you must exclude yourself by **[45 days after publication notice]**, or you won't be able to sue, or continue to sue, the Bank about the legal claims in this case. If you exclude yourself, you can't get a Settlement Check from this settlement. If you stay in the settlement, you may object to it by **[45 days after publication notice]**. The Full Notice contains important information regarding the rights, obligations, requirements, and deadlines for class members

to participate in the Settlement, to exclude themselves from the Settlement, or to object.

If you wish to communicate with class counsel identified above, you may do so by writing to R. Bruce Carlson at Carlson Lynch Ltd, 231 Melville Lane, P.O. Box 367, Sewickley, PA 15143. Alternatively, you may call the offices of the firm at its toll free number 1-800-467-5241.

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS. BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. **PLEASE DO NOT CONTACT THE COURT.**

**CANANDAIGUA NATIONAL BANK AND TRUST COMPANY ATM FEE SETTLEMENT CLAIM FORM**

**Mail to: CARLSON LYNCH LTD.,** [address]

**Name:** _____

**Address:** _____

**Phone:** _____

**CHECK THE APPROPRIATE BOX BELOW:**

☐ I have included with this Claim Form one or more ATM receipts, or relevant portions of my bank statement(s), illustrating that I was charged an ATM fee by Canandaigua National Bank and Trust Company between DATE and DATE.

☐ I have NOT included with this Claim Form a receipt or bank statement but I certify that I was charged a transaction fee at the Canandaigua National Bank and Trust Company ATM located at _____ on _____ (approximate date of visit) and the last four digits of the account number on the card used were _____.

I understand that the foregoing information may be used for purposes of verifying my claim, and I certify, under penalty of perjury, that the statements and information contained herein is truthful and accurate.

**ALL CLAIM FORMS MUST BE POSTMARKED BY:** [120days after publication notice]

# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHAWN HOWARD,<br>individually and on behalf of all<br>others similarly situated, | ) ) ) | Case No.  09-cv-6513-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CANANDAIGUA NATIONAL BANK<br>AND TRUST COMPANY, | ) ) | Filed Electronically |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

Having considered the Class Action Settlement Agreement and all other materials properly before the Court and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement was entered by all parties in good faith, is fair, adequate and reasonable and the Settlement Agreement is approved. The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment provided in the Settlement Agreement.  Class Counsel shall disseminate class relief to Participating Claimants, and otherwise effectuate the Settlement, consistent with the terms of the Settlement Agreement.


DATED: _____          _____
                                         The Honorable Michael A. Telesca

# **<u>Exhibit D</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

SHAWN HOWARD,                          )
individually and on behalf of all      )        Case No.  09-cv-6513-MAT
others similarly situated,             )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )
                                       )
THE CANANDAIGUA NATIONAL BANK          )        Filed Electronically
AND TRUST COMPANY,                     )
                                       )
            Defendant.                 )

### [PROPOSED] JUDGMENT

This matter came on for hearing upon the Parties' application for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2.      The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and The Canandaigua National Bank and Trust Company.

3.      The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within

- 2 -

the definition of the Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the class was adequate. Notice to the appropriate governmental regulators was provided pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; proof of the mailing and publication of the Notice was filed with the Court; and full opportunity to be heard has been offered to the Parties, the Class and Persons in interest.

      4.     The Court finds in favor of settlement approval.

      5.     The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement. All objections have been considered by the Court, are found to be without merit, and are hereby overruled.

      6.     All of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

      7.     Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

      8.     With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representative are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues;

and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

9.     By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Bank Releasees that accrued at any time on or prior to the date of Preliminary Approval for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis or which arise out of or are in any way related to: (i) the Bank's alleged failure to provide adequate notice or disclosure as may be required by applicable law at any of the ATMs at Issue; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue between October 9, 2008 and the date of Preliminary Approval, inclusive; and (iii) any purported violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, or any consumer protection statute, or omission, incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the charging, collection or assessment of any transaction fee at any of the ATMs at Issue between October 9, 2008 and  the date of Preliminary Approval.  This action is hereby dismissed in its entirety with prejudice.

10.     The Released Claims include Unknown Claims.  "Unknown Claims" means any claims that the Class Representative, for himself and on behalf of the Class Members, the Bank or Bank Releasees do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to

the Settlement Agreement.  The Class Representative, for himself and on behalf of the Class, the

Bank and Bank Releasees shall be deemed to waive, and shall waive and relinquish to the fullest

extent permitted by law, any and all provisions, rights and benefits conferred by any law of the

United States or any territory of the United States, or principle of common law, which governs or

limits a person's release of Unknown Claims; further, (i) the Class Representative, for himself

and on behalf of the Class, the Bank and Bank Releasees shall be deemed to waive, and shall

waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of

Section 1542 of the California Civil Code, which provides as follows;

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR

(ii) the Class Representative, for himself and on behalf of the Class, the Bank and Bank

Releasees also shall be deemed to waive any and all provision, rights and benefits conferred by

any law of any state or territory of the United States, or principle of common law, which is

similar, comparable or equivalent to California Civil Code § 1542; and (iii) the Class

Representative, for himself and on behalf of the Class, the Bank and Bank Releasees,

acknowledge that members of the Class may discover facts in addition to or different from those

that they now know or believe to be true with respect to the subject matter of this release, but that

it is their intention, as the Class Representative, for himself and on behalf of the Class, the Bank

and Bank Releasees, to fully, finally, and forever settle and release any and all claims released

hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or

may hereafter exist, and without regard to the subsequent discovery or existence of such

additional or different facts.  The Parties acknowledged that the foregoing waiver was separately

bargained for and a key element of the Settlement of which the release is a part.

11.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Bank Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Bank Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Bank Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants.  Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

13.     The Class Representative, Class Counsel and each member of the Class, either directly, individually, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instigating, instituting, commencing, asserting, prosecuting, continuing or participating in any way in the maintenance of any of the Released Claims in any court or tribunal of this or any other jurisdiction.

14.     The Canandaigua National Bank and Trust Company has agreed to pay from the Settlement Fund $50,000 for Class Counsel's reasonable attorneys' fees and any allowable costs in this matter, and has also agreed to pay the amount of $1,500 as a Plaintiff's incentive payment.  The Court finds that the amount of fees and costs requested by Class Counsel, and the Plaintiff's incentive payment, are fair and reasonable.  The Canandaigua National Bank and Trust Company is directed to make such payments in accordance with the terms of the Settlement Agreement.

15.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and the Bank for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

16.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.


DATED: _____          _____

The Honorable Michael A. Telesca