```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN HOWARD,
individually and on behalf of all
others similarly situated,
                                    ORDER PRELIMINARILY
                                    APPROVING SETTLEMENT AND
                                    APPOINTING SPECIAL MASTER
                                         09-CV-6513
                  Plaintiff,

            v.

THE CANANDAIGUA NATIONAL BANK AND
TRUST COMPANY,

                  Defendants.
_____
```

The parties having reached a final Settlement Agreement in the above-referenced action and upon reading said Agreement, the Court preliminarily approves the Settlement Agreement, appoints and delineates the duties of the Special Master, and hereby finds and orders for purposes of settlement only:

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

The Court, having considered the Settlement Agreement and the parties Joint Motion for Preliminary Approval of the Class Action Settlement Agreement, finds that the Settlement Agreement is within the range of reasonableness and is fair, reasonable and adequate as to the Class members and this Court preliminarily approves such Settlement.

The Court concludes, for the purpose of preliminary approval of the Settlement Agreement, that the Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil

Procedure ("Rule 23"). First, Rule 23 (a)(1) requires that, to pursue a case as a class action, putative class members must be sufficiently numerous so as to make joinder impracticable. See Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir.1995) (numerosity requirement presumed satisfied at 40 members). This Court finds that the number of people who may have used an ATM operated by Canandaigua National Bank and Trust Company ("CNBT") during the time period covered by the settlement who were not customers of CNBT and were charged any transaction fee, ("Class" as defined in the Settlement Agreement), is sufficiently numerous to satisfy Rule 23. This Court finds that the Class Members share common questions of law and fact, that the claims and defenses of Class representative, Shawn Howard, are typical to the claims and defenses of the Class, pursuant to Rule 23(a)(2)-(3), and that questions of law and fact common to Class members predominate pursuant to Rule 23(b)(3), as the case involves only one claim, that CNBT violated 15 U.S.C. §1693b(d)(3)(C) by its failure to provide sufficient notice of ATM transaction fees under that title. Lastly, this Court finds that Shawn Howard and Class counsel have fairly and adequately protected the interests of the Class pursuant to Rule 23(a)(4) as evidenced by the Settlement Agreement.

    This Court finds that a Notice of Settlement which was submitted by the parties for Court approval is the only notice required and shall constitute the best notice practicable under the

circumstances, and such Notice constitutes valid, due and sufficient notice to the Class, complying fully with the requirements of due process and applicable state and federal law, including Rule 23, N.Y. C.P.L.R. § 904, the United States Constitution, and any other applicable law. Notice shall be published consistent with the Settlement Agreement 15 days after the date of this Order.

### ORDER APPOINTING SPECIAL MASTER

Pursuant to Fed. R. Civ. P. 53(a) the Court appoints **Steven V. Modica, Esq.**, as Special Master to oversee all aspects of the settlement and the settlement approval process, including a final recommendation to this Court as to whether the Class Action Settlement should be finally approved.

### DUTIES OF THE SPECIAL MASTER

The duties assigned to the Special Master include, but are not limited to, the following: supervising and administering the provision of notices to affected Class members; supervising settlement administration and determining claim amounts, awards of plaintiffs' attorneys' fees, costs and expenses; hearing any objections; making a recommendation regarding final approval of the settlement to the Court, and any other such duties as necessary or agreed to by the parties.

Pursuant to Rule 53(b), the Court orders as follows:

a. In carrying out his duties, the Special Master is to supervise settlement administration, shall determine the

      reasonableness of the award of Class counsel attorneys' fees, costs and expenses and shall determine the reasonableness of Class representative compensation; shall hear any objections and decide any challenges to the amounts allocated to any of the claimants; and shall make a recommendation to the Court on the approval of the final Settlement Agreement; and any other disputed submissions, whether in writing or verbally, that are provided to him by the parties' counsel. The Court does not impose any limitations on the Special Master's authority as set forth in Rule 53(c).

b. The Special Master need not retain any other documents once his recommendations are filed with the Court.

c. The Special Master may communicate ex parte with counsel, or with any Party, and this Court.

d. A final fairness hearing will be held before the Special Master at this Court at 10 a.m. on the morning of 15 February, 2011.

e. The Special Master shall file with this Court his findings and recommendation and shall report to this Court expeditiously pursuant to Rule 53 (f).

f. Pursuant to Rules 53(a)(1)(A) and 53(g)(3)(B), the findings of fact of the Special Master are final and are not subject to review.

**COMPENSATION OF SPECIAL MASTER**

The Special Master shall be compensated for his services at the hourly rate of $250 together with disbursements incurred in the performance of his duties pursuant to this Order. The parties shall share the costs of the Special Master equally. The Special Master shall submit to the Court a monthly statement of account for his fees, disbursements, and expenses, together with a proposed order of payment.  Once approved by the Court, such payment shall be made by the parties within 30 days of the Court's order.  In any matters not expressly stated in this order of reference, the Special Master and the parties shall be guided by the Federal Rules of Civil Procedure 53.  The Special Master shall not be liable to any person for his good faith performance of his duties and responsibilities under this Order nor may he be held liable to any person for any action taken or omitted by him, except upon a finding by the Court that the Special Master has acted or failed to act as a result of misfeasance, bad faith, gross negligence or in reckless disregard of his duties.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         November 3, 2010