```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN HOWARD,
individually and on behalf of all
others similarly situated,
                                          **FINAL JUDGMENT AND
                                          ORDER APPROVING
                                          CLASS ACTION
                                          SETTLEMENT AGREEMENT**

                                          09-CV-6513

                    Plaintiff,

             v.
THE CANANDAIGUA NATIONAL BANK AND
TRUST COMPANY,

                    Defendants.
_____
```

Having reached a final Class Action Settlement Agreement (the "Settlement") in the above referenced action, the parties now jointly move for final approval of the Settlement. Plaintiff separately moves for approval of the payment of attorney's fees and expenses and an incentive award for the lead plaintiff, Shawn Howard, in accordance with the Settlement. Defendant has not opposed Plaintiff's motion for attorney's fees and an incentive award. Due consideration having been given to the Settlement, the Report and Recommendation of the Special Master, Steven V. Modica, Esq., the papers and proceedings held herein, and all oral and written comments received regarding the Settlement, and having reviewed the entire record, **now therefore**:

**Whereas**, by Order dated November 3, 2010, this Court

preliminarily found that the terms of the Settlement were within the range of reasonableness and were fair, reasonable and adequate as to the members of the class; approved the proposed notice to class members of the Settlement; and preliminarily found that the class met the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23");

**Whereas**, this Court appointed Steven V. Modica, Esq. to serve as a Special Master in this case, the findings and recommendations of whom have been duly filed and considered pursuant to Rule 53 of the Federal Rules of Civil Procedure, and which are hereby adopted by the Court;

**Whereas**, due and adequate notice was given in accordance with this Court's November 3, 2010 Order; and

**Whereas**, a final Fairness Hearing was duly held on February 15, 2010 and no objections were received prior to or during the Fairness Hearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

(1) The Court has jurisdiction over the subject matter of the Litigation and over all parties, including all Class Members, consisting of people who may have used an ATM operated by Canandaigua National Bank and Trust Company ("CNBT") during the time period covered by the Settlement, who were not customers of CNBT, and who were charged or assessed any transaction fee, including any "terminal owner fee," surcharge or ATM transaction feed of any kind, in connection with any electronic fund transfer

or balance inquiry at any one of the ATM's at Issue, as defined in the Settlement, ("Class" as defined in the Settlement).

(2) Pursuant to Rule 23(e), the Court approves the Settlement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action.

(3) The Court Orders that the Settlement shall be implemented in accordance with its terms and conditions.

(4) The Court Orders that the Action be dismissed in its entirety as provided in the Settlement, with prejudice, with all parties to bear their own costs and attorneys' fees, except as provided in the Settlement and as set forth below.

### CERTIFICATION OF SETTLEMENT CLASS

(5) For settlement purposes only, the Court hereby grants certification to the settlement class, pursuant to Rule 23(a) and Rule 23(b)(2)-(3), consisting of the Class, as defined in the Settlement and set forth above.

(6) The Court finds that the Class is so numerous that joinder would be impractical. The parties agree that there may be thousands of transactions at issue in this Action.

(7) There are questions of law and fact common to the Class, and such questions predominate over any questions affecting individual members, and the class action is superior to other available methods for the fair and efficient settlement of the controversy, as the Action involves only one claim, that Defendant

violated 15 U.S.C. § 1693b(d)(3)(C) by its alleged failure to provide sufficient notice of transaction fees.

(8) The claims and defenses of the representative plaintiff, Shawn Howard, are typical to the claims and defenses of the Class.

(9) Shawn Howard and Class counsel have fairly and adequately protected the interests of the Class, as evidenced by the Settlement.

### **TERMS OF THE SETTLEMENT, NOTICE AND ATTORNEY'S FEES**

(10) This Court finds that the Settlement Fund of $150,000.00, created by the Settlement, the method by which class members will be compensated and the distribution of unclaimed sums by Defendant on a *cy pres* basis to fifteen charities selected by the Defendant, is fair, reasonable and adequate.

(11) The Class received proper notice of the Settlement, pursuant to this Court's November 3, 2010 Order, the Fairness Hearing and class counsel's application for attorney's fee, and no objections were received or heard during the Fairness Hearing. Further, no putative Class member sought to be excluded from the Class.

(12) This Court finds that the attorney's fees requested ($50,000) and then class representative incentive payment ($1,500) are fair and reasonable, and shall be paid in accordance with the Settlement.

## **DISMISSAL AND RELEASE OF CLAIMS**

(13) This Court hereby Orders that this Action be dismissed with prejudice in its entirety and all of the claims of the Class against Defendant and against any and all of the Released Parties, as defined in the Settlement, should be dismissed and fully and fairly released pursuant to the Settlement.

(14) All member of the Class are forever barred and enjoined from prosecuting the Released Claims against any of the Released Parties, as such terms are defined in the Settlement Agreement.

(15) Each Class member is hereby bound by this Order including, without limitation, by the release of claims as set forth herein and in the Settlement.

(16) The Court retains jurisdiction over the implementation of the Settlement and any dispute or challenge that may arise as to the performance of any obligations therein.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                        s/ Michael A. Telesca
                                                         MICHAEL A. TELESCA
                                        United States District Judge

Dated:    Rochester, New York
             February 17, 2011